# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 9, 2008

135195 & (20)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ANTOINE RAY THOMAS,
      Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135195
COA: 279702
Ottawa CC: 01-025254-FC
          01-025255-FC

By order of January 8, 2008, the defendant's former appellate counsel was directed to file a supplemental brief. On order of the Court, the brief having been received, the application for leave to appeal the August 21, 2007 order of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals and direct that court to decide whether to grant, deny, or order other relief in accordance with MCR 7.205(D)(2). In its August 21, 2007 order, the Court of Appeals "assume[ed]" that defendant's motion for resentencing was timely, in part, because the motion "was filed within 12 months of the last counsel's appointment." Thus, the court appears to have restarted the 12-month period prescribed by MCR 7.205(F)(3) from the date of appointment in light of defendant's otherwise untimely request for counsel under *Halbert v Michigan,* 545 US 605 (2005); the court similarly restarted the 12-month period from the date of appointment in *Halbert. People v Halbert,* unpublished order of the Court of Appeals, issued August 31, 2005 (Docket No. 244756) (Granting a period of 12 months from the date of appointment "for filing any appropriate motions in the trial court or for filing an application for leave to appeal with the Court of Appeals."). Appellate counsel filed both the motion for resentencing and an application for late appeal within the 12-month period. Accordingly, counsel did not need to adhere to the requirements of MCR 7.205(F)(4), which outlines *exceptions* to subrule (F)(3) that *extend* the 12-month period for late appeal under certain circumstances. Because MCR 7.205(F)(4) was inapplicable in this case, the Court of Appeals erred by dismissing defendant's application for failure to meet the requirements of this rule.

      We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 9, 2008

Clerk

t0402